```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

TAWANA S. WILSON,              )
                               )
     Plaintiff,                )
                               )
     v.                        )    NO. 3:08-0057
                               )    Magistrate Judge Bryant
BOYCE WILKINS,                 )    **Jury Demand**
                               )
     Defendant.                )

## MEMORANDUM AND ORDER

Following entry of judgment on a jury verdict, defendant Wilkins has filed his renewed motion for judgment as a matter of law, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure (Docket Entry No. 114). As grounds, defendant argues (1) that there was an insufficient evidentiary basis to support an award of punitive damages; (2) that there was an insufficient evidentiary basis to support a finding that plaintiff was unreasonably seized in violation of the Fourth Amendment; and (3) that plaintiff's constitutional claim should have been analyzed, and the jury instructed, under the Fourteenth Amendment and not the Fourth Amendment. Plaintiff Wilson has filed her response in opposition (Docket Entry No. 123).

For the reasons stated in this memorandum, the Court **DENIES** defendant's renewed motion for judgment as a matter of law.

## Procedural History

This case proceeded to trial with a jury on July 12, 2011, upon plaintiff's constitutional claims under 42 U.S.C. § 1983

and her related state law claims of assault and battery. At the conclusion of the trial, the jury returned a verdict in favor of plaintiff Wilson on her Fourth Amendment unreasonable seizure claim but in favor of defendant Wilkins on the state law claims of assault and battery. The jury awarded compensatory damages in the amount of one dollar and punitive damages in the amount of $80,000 (Docket Entry No. 111).

Defendant Wilkins thereafter timely filed his renewed motion for judgment as a matter of law.

### **Standard of Review**

The parties apparently agree on the standard of review applicable to a motion pursuant to Rule 50(b).

> The judgment of this court should not be substituted for that of the jury; instead, the evidence should be viewed in the light most favorable to the party against whom the motion has been made, and that party given the benefit of all reasonable inferences. The motion should be granted . . . only if reasonable minds could not come to a conclusion other than the one favoring the movant.

Pickney Bros., Inc. v. Robinson, 194 F.3d 1313 (6th Cir. 1999) (unpublished)(citing Williams v. Nashville Network, 132 F.3d 1123, 1130-31 (6th Cir. 1997)).

### **Summary of Pertinent Facts**

The testimony at trial, and in particular that of plaintiff Wilson, substantially supported the factual summary contained in the Sixth Circuit opinion on interlocutory appeal of

2

this case (Docket Entry No. 44 at 2-3). That factual summary is incorporated by reference into this memorandum, and need not be restated here.

## **Analysis**

<u>Sufficiency of evidence supporting punitive damages</u>. The United States Supreme Court has held that a jury may be permitted to assess punitive damages in an action under section 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983).

The evidence in this case would support an inference that on the evening of December 24, 2006, after defendant Wilkins, a Metro police officer, arrived at the plaintiff's home in response to a domestic violence call, he deliberately manipulated the events that followed to subject plaintiff Wilson to his inappropriate and unwanted advances while confined in the front seat of his patrol car. Specifically, a reasonable jury could conclude that defendant Wilkins undertook an extended conversation with plaintiff Wilson at her home while other officers interrogated Wilson's husband in a separate room; that despite Wilson's initial decision not to charge her husband with a criminal offense, defendant Wilkins persuaded her to change her mind, necessitating a trip downtown to night court; that although plaintiff Wilson initially intended to drive

her own car downtown, defendant Wilkins persuaded her to ride with him in his patrol car, upon a promise that a member of the police department would give plaintiff Wilson a ride home; that defendant Wilkins suggested that plaintiff Wilson ride in the front seat of his patrol car; and that defendant Wilkins drove a more indirect, roundabout route downtown than was necessary in order to subject plaintiff Wilson to his advances.

Although the evidence in the case admittedly would also support contrary inferences, the conclusions to be drawn from the evidence were properly the province of the jury.  The Court finds that the evidence would support a conclusion that defendant Wilkins's conduct was motivated by evil motive or intent to take improper advantage of plaintiff Wilson while she was effectively confined in the front seat of his moving patrol car.  Therefore, defendant's challenge to the sufficiency of the evidence supporting an award of punitive damages is without merit.

Sufficiency of evidence supporting an unreasonable seizure under the Fourth Amendment.  This ground for defendant's motion for judgment as a matter of law has previously been considered in this case by the Court of Appeals for the Sixth Circuit during an interlocutory appeal from the denial of defendant's motion for summary judgment (Docket Entry No. 44). Analyzing the facts of this case in a light most favorable to plaintiff Wilson, the Sixth Circuit found that the evidence would

4

support a conclusion by a reasonable jury that plaintiff Wilson had been "seized" by being held "captive" in a moving police vehicle which was under defendant Wilkins's control. At trial, the jury so found. For the reasons stated in this memorandum and in the opinion of the Sixth Circuit in this case (Docket Entry No. 44), the Court finds that defendant's renewed motion for judgment as a matter of law based upon sufficiency of the evidence supporting a Fourth Amendment violation lacks merit.

<u>Fourth Amendment versus Fourteenth Amendment analysis</u>. Defendant Wilkins argues that the Court erroneously analyzed the facts of this case pursuant to the Fourth Amendment and that the Court, instead, should have analyzed the case and charged the jury under the substantive due process provision of the Fourteenth Amendment. This argument also has previously been considered and rejected by the Court of Appeals for the Sixth Circuit (Docket Entry No. 44 at 6-8). This ruling by the Sixth Circuit, affirming the district court in denying defendant's motion for summary judgment, constitutes the law of this case and is controlling. For this reason, defendant's renewed motion for judgment as a matter of law based upon the claim that this case should properly have been analyzed pursuant to the Fourteenth Amendment is without merit.

## **Conclusion**

For the reasons stated above in this memorandum, defendant's renewed motion for judgment as a matter of law (Docket

5

Entry No. 114) is **DENIED**.

It is so **ORDERED**.

<pre>
                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge
</pre>